## 38217. PETTY v. THE STATE.

GARDNER, Presiding Judge. The defendant was convicted by a jury of assault with intent to rape. The jury recommended a minimum and maximum punishment of 10 years, and the court sentenced the defendant accordingly. The defendant filed a motion for a new trial on the statutory grounds and moved for a judgment notwithstanding the verdict. The evidence was substantially to the effect that the victim was Mrs. Frances P. Clarke; that she was a married woman who had three children 12 years, 6 years, and 2 months of age respectively; that she lived in Rossville, Georgia; that her husband was one Herman Clarke; that the first time she remembered having seen the defendant was in a parking lot about two weeks before he attacked her; that at that time she did not know the defendant's name but knew his face only; that she didn't know the name of the parking lot but she

knew it was at the rear of a large food store in Rossville. She identified a photograph of the parking lot which was introduced into evidence at the trial. She testified that the first time she saw the defendant he was in a pickup truck with the door open about 5:30 or 6 o'clock p.m.; that the car of the prosecutrix would not start; that the defendant asked regarding the trouble; that the prosecutrix told him her husband had left the switch on; that the defendant wanted to take her home but she refused, telling him that she would call her husband, whereupon she went into a food store, called her husband, picked up some groceries and upon returning to the car her husband was there and the defendant helped push the car off by hand; that the defendant's passenger car was a fuchsia or pinkish colored car, a photograph of which was introduced at the trial and identified by the prosecutrix; that no objection was made by the defendant to the introduction of this photograph; that the next day after the prosecutrix first saw the defendant she returned and again saw him sitting in the fuchsia colored car, the prosecutrix at this point in the trial described the car and the parking lot. She stated that the next time she saw the defendant his car was "right in there," identifying the position of the car from the photograph presented to her. She described the occasion when she saw the defendant at that time as follows: "When I opened my door on my driver's side . . . the defendant was sitting opposite in his car on the driver's side with his door open, sitting in the same position that he was sitting when I saw him before." She testified that she had just returned on the bus from the beauty school she attended and that when she went to her car she said the defendant just looked at her, he "looked wild looking." She further testified that she then got in her own car and went home and the next day she saw the defendant again sitting at the same place and it made her feel funny because he was sitting so close to the car of the prosecutrix, in a position just as close as he could park; that the defendant did not say anything; that she went back to school the next day but parked her car in another parking lot behind a taxicab stand, thinking that if she moved to another parking lot she would be rid of the defendant; that after returning from school on a bus she went to her car but did not see the defendant, although he was there the next day,—that is, the second afternoon; that

at that time he was sitting in his car directly behind the car of the prosecutrix because there was a car on each side of her car; that he was sitting with the door open on the driver's side and looked at her like he did before,—"that is, straight at me;" that she again changed her parking lot; that about a week after she changed the parking space this time the defendant was present but she did not see him until he attacked her about 5:30 or 6 o'clock in the afternoon until she had returned from school; that she did not notice him until after he grabbed her, which was immediately after she opened her car door; that his private parts were completely exposed and he propositioned her in vile language; that a struggle ensued while he was attempting to drag her into his car; that she escaped by running away, and the defendant jumped in his car and drove off very fast. The prosecutrix identified the defendant in a line up. The defendant denied his presence at the scene of the alleged attempted rape and made an attempt to prove an alibi. The jury believed the testimony of the prosecutrix, despite the defendant's statement and testimony produced by the defendant as to the alibi. *Held:*

It is our opinion that the jury were amply authorized to find the defendant guilty. The trial court did not err in overruling the motion for a new trial as to the general grounds.

A motion for a judgment notwithstanding the verdict has no application to a criminal case. See *Wilson* v. *State*, 215 *Ga.* 775 (113 S. E. 2d 607), and *Hanson* v. *State*, 101 *Ga. App.*, post.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 5, 1960—REHEARING DENIED MAY 2, 1960.

*Cook & Palmour, A. Cecil Palmour,* for plaintiff in error.
*Earl B. Self, Solicitor-General,* contra.